■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALVIN HARRY, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Collins, J.), rendered December 16, 1983, convicting him of murder in the second degree, robbery in the first degree (two counts), burglary in the first degree and grand larceny in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that he was denied the effective assistance of counsel due to his attorney's failure to move for a mistrial after disclosure of a juror's misconduct. Following selection of the eleventh juror, the trial court was informed by the potential forewoman of comments by another juror to the effect that the defendant looked guilty. The court, along with the prosecutor and defense counsel, then separately interviewed each juror as to what was said in the jury room and as to whether the remarks would interfere with each juror's ability to remain impartial. During this questioning, it was also revealed that the same juror had told the others that the murder victim had represented David Berkowitz, known as "Son of Sam". The court discharged the offending juror. The defense counsel decided not to move for a mistrial.

Defense counsel had the opportunity to view the jurors' responses to the inappropriate remarks and to satisfy himself that the remarks had not caused the remaining jurors to form an opinion as to his client's guilt or innocence. There is a reasonable basis in the record for the defense counsel's conclusion, after listening to each juror, that "if we're ever going to get a fair panel, really fair, that is going to be it". The Trial Judge similarly so concluded. Accordingly, the defendant has failed to demonstrate that he was denied meaningful representation (see, People v Baldi, 54 NY2d 137).

The defendant's claim of ineffective assistance of counsel due to the failure to move for a change of venue on account of pretrial publicity is based on matters dehors the record and is therefore not cognizable on this appeal.

The defendant's other contentions are either unpreserved for review or without merit. Bracken, J. P., Brown, Rubin and Spatt, JJ., concur.